IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| VINCENT CERBINI, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) Case No.: |
| Vs. | ) |
| | ) |
| HOUSTON SHUTTERS, LLC, a Foreign | ) |
| Limited liability company, D/B/A | ) |
| ROCKWOOD SHUTTERS | ) |
| | ) |
| **Defendants.** | ) |
| | / |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, the plaintiff, Vincent Cerbini, by and through the undersigned attorney and brings this action for retaliation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA").

### I.      Nature of the Lawsuit

The FLSA was passed by Congress in 1938 and the principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight Systems, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 144 (1991). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for healthy, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in the event of delay in order to insure restoration of workers to that

1

minimum standard of well-being. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct 895, 902 (1945).

## II.    General Allegations

1.      At all times material hereto, Plaintiff performed non-exempt duties as a laborer for Houston Shutters, LLC, d/b/a Rockwood Shutters ("Houston Shutters") in various counties within Florida, including Hillsborough County, Florida.

2.      Houston Shutters has its headquarters in Houston, Texas; however, the company performs work throughout Florida, including in Hillsborough County, Pasco County, and Pinellas County, and therefore, venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(1) & (c).

3.      Houston Shutters is registered with the Division of Corporations of the State of Florida with a Document Number of M06000005220 and with a Registered Agent address of 17888 67th Court North, Loxahachee, Florida 33470

4.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FLSA.

5.      At all times material during March 2018 through November 2019, Houston Shutters was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

6.      At all times material during March 2018 through November 2019, Houston Shutters was an employer as defined by 29 U.S.C. § 203(d).

7.      At all material times relevant to this action, Houston Shutters has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of §3(s)(1) of the FLSA, in that said enterprise had employees engaged in commerce or in the production of goods and commerce, or employees handling, selling, or otherwise working on goods or materials

that have been moved in or produced for commerce by any person and that said enterprise has had

an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of

excise taxes at the retail level which are separately stated.) Furthermore, Houston Shutters required

Plaintiff to travel to different states within the United States to perform installation jobs.

8.      Houston Shutters at all times material to this matter received, handled, sold and installed

products regarding shutters, blinds, hardware and other related materials and utilized equipment

integral to its daily operations that have traveled over state lines and have traveled through

commerce.

9.      Houston Shutters failed to pay Plaintiff overtime in accordance with 29 U.S.C. §§201-209.

10.     Houston Shutters failed to pay time and one-half Plaintiff's base rate of pay for hours

worked in excessive of forty (40) during a seven (7) day pay period.

11.     Houston Shutters has a payment scheme in which it required Plaintiff to work on a 1099

status as if he was a subcontractor and would pay on a per job base without any provisions to

account for overtime.

12.     Houston Shutters directed when Plaintiff would work; directed where Plaintiff would work;

directed Plaintiff's schedule; provided the clients; and provided a work vehicle.

13.     Additionally, Plaintiff was required to wear a uniform shirt provided by Houston Shutters

and was also required to wear a badge from Houston Shutters and a badge with the name Home

Depot on it.

14.     Additionally, Defendant would rent and supply a vehicle to Plaintiff for work use.

15.     Additionally, Defendant would at times provide Plaintiff with a helper.

16.     Additionally, Defendant at times would require Plaintiff to train other installers for the

company.

3

17.     Plaintiff retained the law firm of Booth & Cook, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover his reasonable attorneys' fees and costs.

18.     Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per seven (7) day work period.

19.     Defendant knowingly and willfully failed to pay Plaintiff at one and one-half of his regular rate of pay for all hours worked in excess of forty (40) hours per seven (7) day work period.

20.     By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages plus incurred costs and reasonable attorneys' fees.

21.     As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

22.     Plaintiff further believes that its principal members contain sufficient control over the day-to-day operations and are responsible for the application of the illegal payment scheme, and upon sufficient evidence supporting same Plaintiff shall amend the pleadings to include the appropriate parties.

23.     Plaintiff demands a jury trial.

        WHEREFORE, Plaintiff, Vincent Cerbini, demands judgment against Defendant for the payment of compensation for all overtime hours at one and one-half is regular rate of pay as established to this Court due his for hours worked by him for which he was not properly compensated, liquidated damages, reasonable attorneys' fees and costs, and for all other appropriate relief.

4

Dated this 30TH day of September 2020.


Respectfully submitted,

DAMIEN A. D'ASCENZIO, ESQ.
Lead Trial Attorney
Florida Bar No.: 0055677
Booth & Cook, P.A.
7510 Ridge Road
Port Richey, Florida 34668
727-842-9105 Telephone
727-848-7601 Facsimile
Primary Email:
Damien@BoothCook.com
Secondary Email:
LitigationServiceCompliance@BoothCook.com
AND
Carmel@BoothCook.com
Attorney for Plaintiff, Vincent Cerbini